UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LATONYA WADDELL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF TENNESSEE, et al., <br><br> Defendants. | Case No. 3:18-cv-00703 <br><br> Judge Aleta A. Trauger <br> Magistrate Judge Alistair E. Newbern |

To: The Honorable Aleta A. Trauger, District Judge

**REPORT AND RECOMMENDATION**

Pro se Plaintiffs Latonya Waddell, Michael Reeves, and Spencer Reeves, Jr. have yet to serve any of the defendants named in this civil rights action. On April 15, 2019, the Court ordered the plaintiffs to show cause by May 2, 2019, why the Magistrate Judge should not recommend that this action be dismissed, warning them that failure to respond could result in a recommendation of dismissal. (Doc. No. 7.) Plaintiffs have not responded to the Court's Order. For the reasons that follow, the Magistrate Judge will recommend that this action be dismissed without prejudice under Federal Rule of Civil Procedure 4(m).

**I.     Factual and Procedural Background**

The plaintiffs, who are proceeding pro se, initiated this action on July 30, 2018, and bring claims under 42 U.S.C. § 1983 and state law alleging that their deceased father, Spencer Reeves, Sr., was denied necessary medical care while incarcerated at the Lois M. DeBerry Special Needs Facility (DSNF). That facility is operated by the Tennessee Department of Correction (TDOC). (Doc. No. 1.) Plaintiffs named the State of Tennessee and TDOC Commissioner Tony Parker as defendants as well as DSNF employees Anidolee Melville Chester, James M. Holiday, and John

and Jane Does 1–5. (*Id.*) On August 8, 2018, the Court found on its own review that it lacked subject-matter jurisdiction over Plaintiffs' claims against the State of Tennessee and TDOC Commissioner Parker and dismissed those claims on sovereign immunity grounds. (Doc. No. 4.) The Court informed the plaintiffs that they were responsible for effecting service on Defendants Chester, Holiday, and Does 1–5 and directed them to the Court's website for applicable forms, information about service of process, and a copy of this Court's Local Rules. (*Id.*) The Court also cautioned the plaintiffs that they must keep the court informed of their current addresses at all times and that failure to do so could result in dismissal for failure to prosecute. (*Id.*) The plaintiffs did not request summonses and did not return proofs of service for any of the remaining defendants in this action. Mail sent to Plaintiffs Michael Reeves and Spencer Reeves, Jr. by the Court has been returned as undeliverable (Doc. Nos. 5, 6, 8), suggesting that they have failed to keep the Court informed of their current mailing addresses (Doc. No. 4) and Local Rule 41.01(b). *See* M.D. Tenn. R. 41.01(b) (dismissal for failure of *pro se* plaintiff to keep court apprised of current address).

On April 15, 2019, the Court ordered the plaintiffs to show cause why the Magistrate Judge should not recommend that this action be dismissed for failure to effect service, among other reasons. (Doc. No. 7.) The Court warned the plaintiffs that failure to respond to that order could result in a recommendation that their claims be dismissed. (*Id.*) As of the date of this report and recommendation, the plaintiffs have not filed a response to the Court's order to show cause, and there is no indication that any of the defendants in this action have been served.

**II.      Legal Standard**

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be

made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee's note to the 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United States*, 517 U.S. 654, 662 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Absent either showing, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). It is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155 n.4 (6th Cir. 1991) (noting that "the issue of ineffective service of process may be raised sua sponte").

"[T]he requirement of proper service of process 'is not some mindless technicality,'" *Friedman*, 929 F.2d at 1156 (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Developer Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the

3

lawsuit" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

**III.     Analysis**

This action has been pending for nearly 300 days without proper service of process on any defendant. The Court notified the plaintiffs early on that they were responsible for serving process on each defendant in accordance with the Federal Rules of Civil Procedure. (Doc. No. 4.) When the time for service under Rule 4(m) had passed, the Court issued a show cause order notifying the plaintiffs of that fact and providing them with an opportunity to explain why the Court should extend the service deadline instead of dismissing the action. (Doc. No. 7.) The plaintiffs did not respond. Because the plaintiffs have not served any of the defendants in this action in compliance with Rule 4 despite ample time to do so and notice that failure may result in dismissal, dismissal without prejudice under Rule 4(m) is appropriate.

**IV.     Recommendation**

For these reasons, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 4(m).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 28th day of May, 2019.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge